UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

YORDAN NIKOLOV KOLEV,

                                Plaintiff,

        -against-

ERIC HOLDER, in his official capacity as Attorney
General of the United States; JANET
NAPOLITANO, in her official capacity as Secretary
of the U.S. Department of Homeland Security;
ALEJANDRO MAYORKAS, in his official capacity
as Director of the U.S. Citizenship and Immigration
Services; ANDREA QUARANTILLO, in her official
capacity as District Director of the New York District
of the U.S. Citizenship and Immigration Services;
UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES; UNITED STATES
DEPARTMENT OF HOMELAND SECURITY,

                               Defendants.

-------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 04 2011 ★

BROOKLYN OFFICE

MEMORANDUM & ORDER

11-CV-367 (ENV) (LB)

**VITALIANO, D.J.**

      On January 25, 2011, plaintiff filed this action, seeking <u>de novo</u> review of the denial of
his application for naturalization by the United States Citizenship and Immigration Services
(USCIS). On April 4, 2011, defendant advised the Court that plaintiff had been placed into
removal proceedings, rendering him temporarily ineligible for naturalization, <u>see</u> 8 U.S.C. §
1429, and the Court without jurisdiction to hear his claim, <u>see</u> Ajlani v. Chertoff, 545 F.3d 229,
238-41 (2d Cir. 2008); John v. Quarantillo, No. 06-cv-437, 2008 WL 5377944, at *2 & n.2
(E.D.N.Y. Dec. 23, 2008). On April 19, 2011, the Court dismissed plaintiff's complaint.

      Also on April 19, 2011, the Court's <u>pro se</u> office received plaintiff's response to
defendant's motion to dismiss. The Court, however, did not receive plaintiff's response until

after the dismissal order had been entered. In light of the timing and the obligation to treat the self-represented with solicitude and to construe plaintiff's pro se pleadings liberally, the Court will treat the response as a motion for reconsideration of the dismissal order.

Plaintiff argues that, under 8 U.S.C. § 1429, only the Attorney General, and not the federal courts, is barred from considering a naturalization application if removal proceedings are pending against the alien. The Second Circuit, however, rejected this argument in Ajlani: Although the explicit language of § 1429 bars only the Attorney General from considering a naturalization application while removal proceedings are pending, the Second Circuit nonetheless held that Congress did not contemplate judicial orders of naturalization under circumstances where the Attorney General may not give any consideration to a naturalization application. See 545 F.3d at 238-41. Plaintiff notes correctly that Ajlani concerned the judiciary's authority to grant relief pursuant to § 1447(b), but the rationale of the decision applies equally to plaintiff's request for relief pursuant to § 1421(c). See Quarantillo, 2008 WL 5377944, at *2 & n.2 (same). While plaintiff's removal proceedings are pending, the Court lacks the authority to review the denial of his naturalization application.

Alleging that USCIS acted in bad faith by denying his naturalization application as untimely and then proceeding almost immediately to place him into removal proceedings, plaintiff suggests that the removal proceedings were commenced with the intention of obstructing judicial consideration of his naturalization application. To support this claim, plaintiff has presented evidence that USCIS was mistaken in denying his claim as untimely. This purported error, however, does not in itself suggest that the subsequent initiation of removal proceedings was intended to obstruct this Court's adjudication of plaintiff's action (which plaintiff brought more than a month after removal proceedings had commenced). If plaintiff is ordered removed, he may bring his claim that the agency initiated removal proceedings in bad

faith on appeal from the removal order.

Finally, plaintiff argues that defendant's motion to dismiss should be denied as untimely. Regardless of any objection to the timeliness of the motion, the Court lacks the authority to review the denial of plaintiff's naturalization application while removal proceedings are pending. Accordingly, the appropriate course is to dismiss plaintiff's complaint without prejudice. See Ajlani, 545 F.3d at 241 (holding district court did not err in dismissing naturalization claim rather than holding it in abeyance pending the conclusion of removal proceedings). If the removal proceedings are resolved in plaintiff's favor, he may seek to refile this action; otherwise, the available judicial relief is that provided in 8 U.S.C. § 1252(a)(2)(D). See id.

The motion for reconsideration is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
     April 30, 2011

 

ERIC N. VITALIANO
United States District Judge